UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES GIBSON,                    :
                                 :
          Petitioner             :  No. 4:CV-05-1804
                                 :
     vs.                         :  (Complaint Filed 9/06/05)
                                 :
PENNSYLVANIA BOARD OF,           :  (Judge Muir)
PROBATION AND PAROLE,            :
                                 :
          Respondent             :

**ORDER**

April 4, 2006

James Gibson, ("Gibson"), an inmate confined at the
Mahanoy State Correctional Institution, Frackville,
Pennsylvania, filed this petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Gibson asserts
that he has been denied parole in violation of the Due
Process and Equal Protection Clauses of the Fourteenth
Amendments. He also asserts that the denial of his parole
violated the First, Fifth and Eighth Amendment rights. For
the reasons that follow, the petition for writ of habeas
corpus will be denied.

**Background**

On August 3, 1998, Gibson pled guilty to voluntary

manslaughter. (Doc. 7, Sentence Status Summary). On October 5, 1998, he was sentenced to a term of imprisonment of seven years, six months, to fifteen years. Id. Gibson's minimum sentence expired on March 23, 2005 and his maximum sentence expires on September 23, 2012. Id.

Gibson was first considered for parole on February 10, 2005. (Doc. No. 7, Notice of Board Decision). The Board denied parole, stating reasons for the denial as follows: (1) Gibson's version of the nature and circumstances of the offense committed; (2) his prior history of supervision failure; and (3) his institutional behavior, including reported misconducts or CCC failure. Id. Gibson's next parole review was set for December, 2005, or later. The Board stated that in the next interview, it would consider (1) whether Gibson had received a favorable recommendation for parole from the Department of Corrections; and (2) whether he maintained a clear conduct record and completed the Department of Corrections prescriptive programs. Id.

On September 6, 2005, Gibson filed the instant petition for writ of habeas corpus in which he challenges the Board's adverse decision of its review of his parole. (Doc. No. 1). He raises the following grounds for relief:

2

1.   Denial of parole based on violation of the due process clause of the fifth and fourteenth amendment, and eighth amendment and equal protection.

2.   Denial of parole based on violation of first amendment.

(Doc. No. 1).

Specifically, petitioner claims that the Parole Board "arbitrarily and capriciously abused its discretion when using a file which doesn't exist for the purpose of determining whether to grant or deny parole, the proof of that matter is the old parole number #5136-R which the plaintiff had successfully completed parole under while plaintiff was living within society under the supervision of the Parole Board." (Doc. No. 2, Brief in Support of habeas petition).   Gibson believes that "what the Parole Board should have done in this case when making a determination to grant or deny parole, is render a decision based on plaintiff's current offense which it had not considered at all." Id.   Thus, petitioner believes as a result, the Board violated his right to due process in violation of the Fifth and Fourteenth Amendments.

Petitioner's next argument is that he was "coerc[ed]" into complying with the Board's "demand that [he] write a

3

version of the nature and circumstances of his offense." Id. Petitioner claims that "even though [he] complied, he was still denied parole because the Pennsylvania Board of Probation and Parole did not accept or appreciate [his] version of the offense." Id. Gibson believes that this is a violation of his Fifth and Eighth Amendment rights, as well as a violation of the Fourteenth Amendment's Equal Protection. Id. Thus, Gibson seeks "immediate release on parole." Id.

Subsequent to the filing of the petition, on January 4, 2006, the Board conducted a second parole review. (Doc. No. 13, Notice of Board Decision). The decision was to deny Gibson parole. The Board's reasons to deny parole included (1) Gibson's need to participate in and complete additional institutional programs; and (2) his interview with the hearing examiner and/or Board Member. Gibson's next parole review is set for December, 2006, or later. The Board advised Gibson that in the next review, it would consider: (1) whether he participated in a treatment program for sex offenders; (2) whether he maintained a favorable recommendation for parole from the Department of Corrections; (2) whether he maintained a clear conduct record and

4

completed the Department of Corrections' prescriptive programs; and (3) his efforts to secure an approved home plan. Id.

## Discussion

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz vs. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Furthermore, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers vs. Parole Agent SCI-Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery vs. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Wright vs. Cuyler, 517 F. Supp. 637 (E.D. Pa. 1981).

In Morrissey vs. Brewer, 408 U.S. 471, 489, the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion or ethnicity or rendered in the absence of the following due

process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Similarly, our Court of Appeals in Block vs. Potter, 631 F.2d 233, 235 (3d Cir. 1980) ruled that a federal court's review of a state parole board decision is limited to an abuse of discretion inquiry. Specifically, relief is only available if: (1) an applicant was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs, and/or (2) the parole board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236.

To the extent that petitioner claims that he has a right to parole, he has no liberty interest in the anticipation of parole under any circumstances. In Sandin vs. Conner, 515 U.S. 472, 480-84(1995), the Supreme Court held that a liberty

interest is not created merely because a regulation limits the discretion of prison officials.  Rather, courts should focus on the nature of the deprivation itself and the relevant inquiry is whether it was "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Id. at 486; see also Griffin vs. Vaughn, 112 F.3d 703 (3d Cir. 1997).  It has been repeatedly recognized that Pennsylvania state law does not confer on inmates a legally protected interest in parole eligibility. Rodgers, 916 F. Supp. at 476-77; McCrery, 523 F. Supp. at 294.  Thus, it is apparent to this court that the denial of parole to a Pennsylvania state inmate is not the type of significant and atypical hardship contemplated by the Supreme Court in Sandin.

With respect to petitioner's argument that the Board incorrectly considered his prior history of supervision when making its decision to parole him, Section 19 of the Parole Act mandates that the Board consider, in relevant part, "the general character and background of the prisoner...[as well as the inmate's] complete criminal record" before deciding whether to grant or deny an inmate parole.  61 P.S. § 331.19. As such, the Board has a statutory duty to consider Gibson's

7

prior history of supervision failure throughout his lifetime, and not just during his current offense, prior to making its decision to grant or deny parole.

To the extent that Gibson claims that the Board violated his right to equal protection, the Fourteenth Amendment of the Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."   The Court of Appeals for the Third Circuit has observed that the equal protection clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'"   Artway vs. Attorney Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne vs. Cleburne Living Center, 473 U.S. 432, 439 (1985)); see also Kuhar vs. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980) ("An equal protection claim arises when an individual contends that he or she is receiving different treatment from that received by other individuals similarly situated.").

It is well-settled that a litigant in order to establish a viable equal protection claim must show an intentional or

8

purposeful discrimination. Snowden vs. Hughes, 321 U.S. 1, 8 (1944); Wilson vs. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986); E & T Realty vs. Strickland, 830 F.2d 1107, 1113-14 (11th Cir. 1987), cert. denied, 485 U.S. 961 (1988). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights and (3) classifications based on social or economic factors. See, e.g., Britton vs. City of Erie, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), aff'd, 100 F.3d 946 (3d Cir. 1996); Adams vs. McAllister, 798 F. Supp. 242, 245 (M.D. Pa.), aff'd, 972 F.2d 1330 (3d Cir. 1992).

When making the determination as to whether a particular inmate should be granted parole, the Board is required to consider:

> the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner, [and]...the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available. The board shall further cause the conduct of the person while in prison and his physical, mental and behavior

> condition and history, his history of family
> violence and his complete criminal record, as far as
> the same may be known, to be reported and
> investigated.

61 P.S. § 331.19.  Both of Gibson's parole denials cited as

reasons for the denial (1)Gibson's version of the nature and

circumstances of the offense committed; (2) his prior history

of supervision failures; and (3) his institutional behavior,

including reported misconducts, as the reasons he was refused

parole.  (See Doc. Nos. 7, 13, Notices of Board Decision).

Additionally, the Board informed petitioner what it would

specifically consider at his next parole interview.  Id.

Thus, Gibson has failed to allege facts from which it can be

concluded that the Board engaged in intentional or purposeful

discrimination or that he was treated differently than

similarly situated individuals on the basis of his race or

some other impermissible reason.

Finally, to the extent that Gibson argues that the

Board's actions violated his First, Fifth and Eighth

amendment rights, these claims do not "challenge the very

fact or duration of the confinement itself." Leamer vs.

Fauver, 288 F.3d 532 (3d Cir. 2002). Therefore, they are

inappropriately raised in a habeas corpus petition.

Constitutional claims that challenge the conditions of a
prisoner's confinement may be brought pursuant to § 1983 of
Title 42 in the first instance. See Nelson vs. Campbell, 541
U.S. 637, 643 (2004); see also Preiser vs. Rodriguez, 411
U.S. 475, 498-499. Thus, these claims will be dismissed.

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus
   (Doc. No. 1). is **DENIED.**

2. Petitioner's motion for leave to supplement his
   habeas petition (Doc. No. 12) is **DISMISSED** as moot.

3. The Clerk of Court is directed to **CLOSE**
   this case.

4. There is no basis for the issuance of a certificate
   of appealability.

s/Malcolm Muir
MUIR
United States District Judge